IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DALE JEROME MCCANTS, #255 910    *

    Petitioner,    *

v.    *    2:08-CV-783-TMH
                                                                   (WO)

LOUIS BOYD, WARDEN, *et al.*,    *

    Respondents.    *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Dale McCants ["McCants"], a state inmate, on September 19, 2008. In this petition, McCants challenges his conviction for second degree assault imposed upon him by the Circuit Court for Montgomery County, Alabama, on October 2, 2007. Pursuant to an order of the court, Respondents filed an answer to the petition wherein they maintain that the present petition is due to be dismissed because McCants has failed to exhaust available state remedies with respect to the claims now before this court. Specifically, Respondents maintain that McCants has a Rule 32 petition pending in the Circuit Court for Montgomery County, Alabama. (*Doc. No. 8 at 4, Exhs. 8, 9*.)

Upon review of the petition, Respondents' answer, and McCants' response, the court concludes that the instant habeas corpus action should be dismissed because McCants has failed to exhaust state remedies with respect to each of the claims raised therein.

**DISCUSSION**

The law is clear that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). McCants concedes that he filed a Rule 32 petition in the Circuit Court for Montgomery County in July 2008. He complains, however, that he has never received notice from the state court that his petition has been filed. McCants, therefore, deems his state remedies to be ineffective and futile due to the "unreasonable and unjustified delays [by the state court] in acting on [his] efforts to invoke state remedies." (*Doc. No. 11*.)

Exceptions exist to the exhaustion requirement, *i.e.,* when "there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the right of the prisoner." *Howard v. Davis,* 815 F.2d 1429, 1430 (11th Cir. 1987); 28 U.S.C § 2254(b). McCants' arguments, however, fail to fit within the narrow exception to futility, and there is no reason to believe that the Alabama state courts will not give his issues serious consideration in due time.

A review of the pleadings and documents filed in this matter clearly demonstrate that McCants has not yet exhausted his available state court remedies with respect to each claim presented in the instant habeas petition. This court does not deem it appropriate to rule on the merits of McCants' claims for relief without first requiring that he exhaust state

remedies.[1]  *See* 28 U.S.C. § 2254(1)(b)(2).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that McCants can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Dale McCants be DISMISSED without prejudice to afford him an opportunity to exhaust all available state court remedies.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **December 17, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

---

[1] McCants is advised that pursuant to the provisions of 28 U.S.C. § 2244(d)(1), a one-year limitation period applies to federal applications for habeas corpus relief. The limitation period begins to run on the date when the time for seeking direct review of the challenged judgment expires but the time during which a properly filed post-conviction petition is pending shall not be counted toward any period of limitation under § 2244(d)(1). A post-conviction petition filed after expiration of the federal limitation period, however, will not toll the one-year period of limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 4th day of December 2008.

/s / Wallace Capel, Jr.

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE